IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

CURTNEY POWERS,
      PLAINTIFF,

COMPLAINT

-AGAINST-

(JURY TRIAL DEMANDED)

THE CITY OF NEW YORK, OFFICER JOHN DOE#1.,
OFFICER JOHN DOE #2.,(the names John Doe
are being used due to the fact the identity
of these police officers are known to the
defendant City of New York and are presently
unknown to the plaintiff),
      DEFENDANTS.

---

PLAINTIFF CURTNEY POWERS, PRO-SE, complaining of the DEFENDANTS, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and attorney's fees pursuant to 42 U.S.C. Sections 1983, 1985, 1986, and 1988, for the wrongful acts of DEFENDANTS CITY OF NEW YORK, POLICE OFFICER JOHN DOE #1. (identity presently unknown to the plaintiff but is known to the Defendant City of New York and its agent the New York City Police Department), POLICE OFFICER JOHN DOE #2. (identity presently unknown to the plaintiff but is known to the Defendant City of New York and its agent the New York City Police Department), as Officers of the New York City Police Department and other agencies of the City of New York, all acting under color of law (state law) and pursuant to their authority, in violation of Plaintiffs' rights under the Constitution and laws of the United States and of the State of New York.

FEB - 6 2014

PRO SE

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. Sections 1983, 1985, 1986, and 1988, and the Fourth, Fifth, Sixth, Eigth, and Fourteenth Amendments to the United States Constitution, and as well as New York Constitution Article 1, Sections 6 and 12.

3. Jurisdiction is invoked pursuant to 28 U.S.C. Sections 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights, false arrest and false imprisonment, illegal stop and frisk, reckless investigation, abuse of process, denial of due process of law, the intentional and reckless infliction of emotional distress, intentional submission of false statements and documents, defamation, slander, libel, conspiracy committed intentionally to deprive the plaintiff of his constitutionally guaranteed rights, negligence by supervisors to prevent conspiracy committed intentionally against the plaintiff, fraud, injurious falsehood, harassment, conspiracy committed to interfere with plaintiff's civil rights, and theft or property loss committed intentionally by the defendants.

4. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. Section 1367 as to any and all of plaintiff's claims arising under New York State Law as such claims share a common nucleus of operative facts with plaintiff's federal claims herein. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. Section 1402(b) as well due to the criminal actions of the defendants.

## VENUE

5. Venue is properly laid in this District under 28 U.S.C. Section 1391(b), this being the District in which claim arose.

6. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

PARTIES

7. PLAINTIFF CURTNEY POWERS is a young minority male (African-American) and was at all relevant times a resident of New York City and the State of New York as well as a U.S. citizen.

8. Defendant CITY OF NEW YORK ("CITY") is and was at all relevant times a municipality of the State of New York. Defendant operates, manages, directs, and controls the New York City Police Department("NYPD") and other municipal agencies and departments which are responsible for carrying out law enforcement activities and judicial proceedings under color of state law.

9. Defendants POLICE OFFICERS "JOHN DOE" #1 through #2 are and were at all relevant times police officers, supervisors, and/or policymakers employed by Defendant City with NYPD and/or other City agencies and acting under color of state law.

10. At all times relevant hereto and in all their actions alleged herein, Defendants were acting under color of the statues, ordinances, regulations, policies, customs and usages of Defendant City and its agencies, and departments including the NYPD, and pursuant to their authority as employees, servants and agents of the NYPD, and/or other agencies, and within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and law enforcement officers.

11. Defendant CITY was responsible for the hiring, training, supervision, discipline, retention and promotion of officers, supervisors, and employees within its agencies including the NYPD and/or other agencies, including the NYPD and/or other agencies which employed the Defendants herein.

## FACTS

12. At all relevant times, Plaintiff Curtney Powers lived in the City of New York.

13. On or about October 17, 2013, Plaintiff was lawfully present and walking down West 112th Street and 7th Avenue in the County of Manhattan in the City of New York around the time of 10:00 p.m.. The Plaintiff at this time was talking to female acquaintance while eating a sandwich, he gave her half of his sandwich and at the same time, a homeless person who was panhandling started to ask the plaintiff for money. As soon as the homeless person approached the plaintiff the two Defendants Police Officer John Doe#1 and Police Officer John Doe#2., who were non-uniformed police officers jumped out an unmarked police vechile and ordered the Plaintiff to freeze assuming he was engaged in some type of criminal activity. The Defendants then ordered the Plaintiff to "put your hands where my eyes can see" as the Defendants unholstered their guns and aimed them at the Plaintiff. The Defendants grabbed the homeless woman and pulled her to the side and started to frisk her for drugs or any other contraband that they were looking for. The Defendants then said to the Plaintiff "Don't move or I'll break your fucking face open". The Defendants then began to illegally frisk the plaintiff without probable cause, and then asked the plaintiff, "Do you have any weapons or drugs on you?", the Plaintiff then replied to the defendants "No". After saying No to the defendants, the plaintiff then stated, "I'm not stupid, I know my rights, ya'll aint supposed to be doing a stop and frisk like this", then one of the Defendants stated" I don't give a fuck about any stop and frisk". One of the John Doe defendants then began to strip me naked outside standing on West 112th Street as the other Defendant pointed his gun at the plaintiff. The defendants then took the money out of the plaintiff's pants pocket which was in the amount of Five

Hundred and Sixty Four dollars the defendants did not find any drugs or contraband of any sort on the plaintiff's person but still insisted on arresting the plaintiff even though, the plaintiff was engaging in any type of criminal activity.

14. Defendant officers, while acting under color of New York Law, did not produce any credentials or a valid search warrant, they were not responding to any communication that included the plaintiff in any criminal activity nor had any probable cause to arrest, stop, frisk, or strip the plaintiff outside in the streets of New York without any probable cause.

15. Defendant officers, surrounded the Plaintiff and citizens of the City of New York, and unreasonably, intentionally, and without justification forced Plaintiff to be publicly stripped naked exposing his gentials while a gun was drawn and pointed at his head.

16. Defendant officers did not see the plaintiff engaged in any ilegal activity nor did they see the plaintiff at any time relevant possess any contraband or any amount of illegal narcotics nor did the Plaintiff aid any person at any time relevant with the purchasing or selling of any illegal contraband of any type.

17. During the abovementioned events, the Plaintiff was publicly humiliated, and falsely arrested and imprisoned.

18. The Defendants have stated in their police reports after arresting the Plaintiff they found a quantity of drugs some 50 feet away from where the Plaintiff was arrested, however, the defendants never seen the plaintiff possess this quantity of abandoned narcotics, therfore the defendants wrongfully arrested the plaintiff because they knew before the arrest the plaintiff did not engage in anytype of criminal activity.

19. Despite a lack of probable cause, resonable suspicion or other justification

Defendant officers unlawfully arrested Plaintiff and transported him to the \_\_\_\_\_ th precint, however the defendants stole 4oo dollars from Plaintiff.

20. Plaintiff is currently still incarcerated at the Manhattan Dentention Complex located at 125 White Street, is awaiting trial and Grand Jury action in the New York County Criminal Supreme Court.

## FIRST CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS

21. Plaintiff CURTNEY POWERS repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

22. All of the aforementioned acts of Defendants, their agents servants and employees were carried out under color of state law.

23. All of the aforementioned acts by Defendants deprived Plaintiff of the rights, privileges and immunities guaranteed by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, said violations being actionable under 42 U.S.C. § 1983.

24. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, with the actual and/or apparent authority attendant thereto.

25. The acts complained of were carried outr by the aforementioned individual defendants in their capacities as police and law enforcement authorities or officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant City and its NYPD, all under the supervision of ranking officers of said department.

26. Defendants, collectively and individually, while acting under color of state law, violated Plaintiff's civil rights; these violations were driven and motivated by, reflective of and carried out pursuant to custom, usage, practice, procedure, or rule of Defendant City, which is forbidden by the Constitution

of the United Staes.

27. By these actions, these Defendants have deprived Pliaintiff of rights secured by the Forth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF:
## FALSE ARREST UNDER 42 U.S.C. § 1983

28. PLAINTIFF CURTNEY POWERS repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

29. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

30. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time that is still currently ongoing at this momment and Plaintiff was at all times aware of his confinement; Plaintiff was and is still put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

31. As a result of his false arrest, Plaintiff was subjected to humiliation ridicule and disgrace before his neighborhood, peers, and community. Plaintiff was discredited in the minds of many members of many members of the community.

## THIRD CLAIM FOR RELIEF:
## ILLEGAL STOP AND FRISK

32. Plaintiff Curtney Powers repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and efffect as if

fully set forth herein.

33. Defendants unlawfully harassed the Plaintiff on a public street in the City of New York without any probable cause, consent, privilege or excuse, in violation of his rights against unreasonable searches and seizures that is guaranteed by the U.S. Constitution Amendments 4 and 14 and as well as under color of state law, N.Y. Constitution Article 1, Section 12. The defendants illegally stop and frisk the plaintiff and as well as stripped him naked in a public setting.

34. Defendants subjected the Plaintiff to an excessive, unreasonable and gratuitous level of excessive force, public embrassment, intention affliction of emotional distress by the lack of concern for the constitutional rights of the Plaintiff, wherein Plaintiff had a reasonable expectation of privacy especially on a public street to be fully clothed and free from any and all police harasment or racial profiling.

35. Defendants' aforementioned conducted resulted in a violation of Plaintiff's constitutional right to be free from illegal searches and seizures, illegal stop and frisks and police harassment, the Plaintiff suffered mental and emotional injuries, due solely to the actions of the Defendants, which have outlawed in this court in the matter of Floyd v. City of New York, et al., 08-CV-1034(SAS)(HBP).

36. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutuional rights of Plaintiff.

37. Defendants, collectively and individually, while acting under of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's Constitutional rights.

38. Defendant City, as municipal policymaker in the training and supervision of Defendants Police Officer JOHN DOE#1. and JOHN DOE#2, individually and in their

official capacities, has pursued a policy and custom of deliberate indifference to the rights of persons similiar situated as the Plaintiff in this Complaint who suffer violations of their guaranteed pursuant to the 4th, 5th, 6th, and 14th Amendments to the Constitution of the United States and 42 U.S.C. § 1983 and the Constitution and laws of the State of New York.

39. The foregoing customs, plans, policies, usages, practices, procedures and rules of Defendant City constituted a deliberate indifference to Plaintiff's constitutional rights.

40. The foregoing customs, policies, usages, practices, procedures and rules of Defendant City were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

41. The foregoing customs, policies, usages, practices, procedures and rules of Defendant City were the moving force behind the constitutional violation suffered by Plaintiff as alleged herein.

42. All of the foregoing acts by Defendants deprived Plaintiff Curtney Powers of his Constitutional guaranteed rights, for which the defendants are individually liable for.

43. The plaintiff contends a Younger abstention pursuant to Younger v. harris, 401 U.S. 37, would be a gross overaction by the District Court in this Complaint, and a stay until the final outcome of the state criminal proceeding against the plaintiif is unwarranted, In balancing the revelant factors, the court must hold that both the Plaintiff and the public have a strong interest in the timely disposition of this 42 U.S.C. Section 1983 action. Any delay would increase the danger of prejudice resulting from the loss of evidence including the ability of witnesses to recall specific facts, or the possible death of a party, not to mention this prosecution that initiated in bad faith. The corresponding burden to defendants and others involved in prosecuting plaintiff

was minimal given the substantive distiction between the charged conduct and the allegations in the civil complaint. staying the entire case until the conclusion of the criminal proceeding would have been a gross overaction under the present circumstances (see, Scheuerman v. The City of Huntsville, et al., 373 F.Supp.2d 1251).

<u>PRAYER FOR RELIEF</u>:

WHEREFORE, Plaintiff demands judgement and prays for the for the following relief, jointly and severally against the Defendants:

1. Special and compensatory damages in the Amount of (15) Fifthteen Million Dollars ($15,000,000.00).

2. Punitive damages in the amount of Fifthteen ($15,000,000.00) Million Dollars.

3. Injunctive relief releasing the Plaintiff from confinement.

4. Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

_____
CURTNEY POWERS

DATED: __1-25-14__, 2014

For legal fee purposes this document was prepared by DALE J. ROBERTSON, a pre-trial detainee located at the Manhattan Detention Complex, I.D.#: 241-09-08088, 125 WHITE STREET, NEW YORK, N.Y. 10013, this above complaint is the true and correct Complaint of Curtney Powers, and was verified by him as his sworn testimony.

_____
DALE ROBERTSON.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __1__ day of ___25___, 20_14_.

Signature of Plaintiff  _Michael Turner_
Inmate Number  _349-13-15912_
Institution Address  _125 White Street_
_New York, N.Y. 10013_

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this __1__ day of ___25___, 20_14_, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _Michael Turner_