```
                                                    USDC SDNY
                                                    DOCUMENT
                                                    ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                        DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                       DATE FILED: February 4, 2015
------------------------------------------------------------X
CURTNEY POWERS,                             :
                                            :
                        Plaintiff,          :
            -v-                             :       14 Civ. 842 (KBF)
                                            :
THE CITY OF NEW YORK, et al.,               :       MEMORANDUM
                                            :       OPINION & ORDER
                        Defendants.         :
------------------------------------------------------------ X
```

KATHERINE B. FORREST, District Judge:

On February 6, 2014, pro se plaintiff filed this action under 42 U.S.C. § 1983, alleging, inter alia, that he was unlawfully stopped, strip searched, and falsely arrested by defendants. (ECF No. 1.) On June 24, 2014, the Court stayed the case pending the outcome of a complaint related to the alleged incident in the Civilian Complaint Review Board ("CCRB"). (ECF No. 15.) The Court lifted the stay on December 16, 2014 following the City's representation that the CCRB panel had made a final determination regarding the charges in this matter and had closed the case. (ECF No. 23.)

On December 31, 2014, the Court ordered a telephonic status conference for January 15, 2015. (ECF No. 24.) That Order was mailed to the plaintiff's address on file. On January 5, 2015, the Court set forth an Order outlining the schedule to govern the remainder of the action. (ECF No. 25.) That Order, which was also mailed to plaintiff, included another reminder about the January 15, 2015 telephonic status conference.

On January 15, 2015, plaintiff failed to call in to the conference. The City

informed the Court that it attempted to reach out to plaintiff on several occasions over several days, but that the phone number on file was disconnected. That day, the Court ordered another telephonic status conference for February 2, 2015. (ECF No. 28.) The Order included a warning that continued failure to appear at the conferences will result in a dismissal of the case. The Order was mailed to plaintiff.

On February 2, 2015, plaintiff again failed to call in to the conference. The City informed the Court that it again attempted to reach out to plaintiff, but could not connect.

Rule 41(b) of the Federal Rules of Civil Procedure "gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)). A district court considering a Rule 41(b) dismissal with prejudice must weigh five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). Even where a plaintiff fails to comply with a court order that includes a notice of possible dismissal, "the court must still make a finding of willfulness, bad faith, or reasonably serious fault" by evaluating those

criteria.  Id. at 217 (quoting Mitchell v. Lyons Prof'l Servs., Inc., 708 F.3d 463, 467 (2d Cir. 2013)).  A pro se litigant's claims should be dismissed for failure to prosecute "only when the circumstances are sufficiently extreme." Id. at 9 (quoting LeSane, 239 F.3d at 209).

   Here, these factors weigh in favor of dismissal of plaintiffs complaint: (1) plaintiff has failed to comply with the Court's orders for over one month by not appearing at two separate telephonic status conferences; (2) plaintiff was notified in a clear, explicit statement on January 15, 2015 that his continued failure to appear at the conferences would result in dismissal; (3) defendant has already complied with a CCRB investigation and have called in multiple times to conferences that had to be cancelled because of plaintiff's failure to appear, so scheduling further conferences risks wasting their resources; (4) the Court is currently managing a heavy caseload consisting of many potentially meritorious lawsuits, whereas plaintiff has not made any submissions to the Court since the beginning of the CCRB investigation over seven months ago; and (5) the Court has considered other sanctions less drastic than dismissal and concluded that dismissal without prejudice to re-file is the most appropriate sanction in the circumstance of this case.

   Accordingly, plaintiff's complaint is DISMISSED for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) without prejudice to re-file on or before March 6, 2015.

The Clerk of Court is directed to terminate this action.

SO ORDERED.

Dated:   New York, New York
         February 4, 2015

_____
KATHERINE B. FORREST
United States District Judge

CC:
Curtney Powers
630 Kingsborough 6 Walk, #5D
Brooklyn, NY 11233